**AYUDA, INC., et al., Plaintiffs,**

v.

**Edwin MEESE, III, et al., Defendants.**

**Civ. A. No. 88–0625.**

United States District Court,
District of Columbia.

Sept. 27, 1988.
Supplemental Order XII Oct. 28, 1988.

Mandamus denied March 3, 1989.

Wayne H. Matelski, Arent, Fox, Kintner, Plotkin & Kahn (Eva M. Plaza, Eleanor Pelta, Carl Valenstein, David Aronofsky, Lynda S. Zengerle, Arent, Fox Kintner, Plotkin & Kahn, of counsel), Deborah Sanders, Washington Lawyers' Committee for Civil Rights Under Law, Washington, D.C., Lucas Guttentag, American Civil Liberties Union, Immigration Task Force, New York City, Ira J. Kurzban, Kurzban, Kurzban, Weinger & Holtsberg, Miami, Fla., Carolyn Waller, Washington Lawyers' Committee for Civil Rights Under Law, Washington, D.C., Gilbert P. Carrasco, Hispanic Nat. Bar Ass'n, New York City, David J. Kline, Asst. Director, Donald E. Keener, Office of Immigration Litigation, Civ. Div., Dept. of Justice, Washington, D.C., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., Jay Stephens, U.S. Atty. for the District of Columbia, Washington, D.C., for defendants.

**50**

## MEMORANDUM OPINION AND SUPPLEMENTAL ORDER XI

SPORKIN, District Judge.

On March 30, 1988, this Court issued a Memorandum Opinion and Order which held that the Immigration and Naturalization Service's ["INS"] interpretation of "known to the government" was contrary to law. *See* 8 U.S.C. Sec. 1255a(a)(2)(B). That Opinion fully addressed the issues of INS's interpretation of "known to the government," class representation and class certification and concluded that the four organizational plaintiffs had standing to fully litigate the issues now before the Court. Following that Opinion, the Court has had opportunity to review various issues that have arisen from its initial determination. Over the past seven months this Court has issued a total of ten Supplemental Orders, not including this one, to assure the original ruling of the Court would be made fully effective.

The original decision and a number of those Supplemental Orders have not been appealed and concededly stand as the law of the case and are binding on all parties to this action. Further, even as to those Supplemental Orders that have been appealed, they are now in effect since none of them, as of this time, has been stayed by any court order.

I am now in the process of determining what, if any, individuals have been misled to their detriment by INS's erroneous interpretation and related government actions and to what extent relief can be given based on my prior rulings taking into account *INS v. Pangilinan,* —— U.S. ——, 108 S.Ct. 2210, 100 L.Ed.2d 882 (1988). Although, the government alleges, based on *Pangilinan,* that I do not have the power to extend a statutory deadline, this Court does have the clear authority and responsibility and duty to determine to what extent, if any, persons may have been prejudiced or otherwise harmed by the government's application of its erroneous regulation, and after making such determinations to decide what relief, if any, may be appropriate. Indeed, the Order accompanying the March 30, 1988, decision specifically stated, "this court shall retain jurisdiction to assure this decree is carried out fully and completely and to provide such other and further relief as may be necessary to implement this decision." Therefore, even assuming that the Supreme Court's recent ruling in *Pangilinan* precludes certain remedial avenues, an issue I do not have to determine at this time, it is clear I possess the authority to order other remedies with respect to those who have been injured by the government's actions.

Having concluded that the government has materially misinterpreted the law and that the Court is not precluded from granting a remedy, the next step is to determine who the injured parties are and the extent to which their injuries were caused by the government's conduct and need to be remedied.

I have concluded that exceptional circumstances exist making it imperative to appoint one or more Special Master(s), pursuant to Rule 53 of the Federal Rules of Civil Procedure. This conclusion is based on the particular facts and circumstances of this case and upon the government's outright refusal to conduct an inquiry on its own in order to identify those persons who might have been injured by its impermissive interpretation of the statute and because of the diverse nature and extent of the prejudice and injuries that might have been sustained by these persons. Moreover, in view of the government's failure to appeal the Court's decision, thus allowing that decision to become final, while continuously insisting that no individual is entitled to any relief as a matter of law, it is clear that the government is not willing nor disposed to conduct the fair and impartial inquiry that is required by the findings I have made in this case. Therefore, it will be the responsibility of such Special Master(s) to conduct the inquiry I have found is required in this case.

Pending the conduct of this inquiry, I find it is premature to consider the other motions now pending before me. This would include Plaintiffs' Motion For Reconsideration, Defendants' Motion To Vacate The Orders Permitting The Relief Of Submitting Late Applications, and Plaintiffs' Motions For Leave To Amend Complaint And For Class Certification. It is my view that until I know whether anybody is embraced by my Opinions and Orders, and the extent and nature of any harm sustained by any person, it would not be fruitful to pursue the other issues that have been presented by the parties. This is particularly so with respect to those motions which ask me to prescribe a particular remedy before the issues I seek to have decided have been fully explored.

In view of the foregoing, it is hereby

ORDERED that, in light of the exceptional circumstances discussed above, one or more Special Master(s) shall be appointed, pursuant to Rule 53 of the Federal Rules of Civil Procedure. Such Special Master(s) shall have the authority to conduct hearings, if necessary, and to make findings of fact and recommendations as to whether the plaintiffs or any person who derived benefits from this Court's decision of March 30, 1988, and Supplemental Orders, was in fact injured, prejudiced or misled by the government's impermissive definition of "known to the government," which this Court held to be invalid on March 30, 1988, and to further determine and recommend to this Court what, if any, relief the Court is authorized to and should order to remedy the harm sustained by any person(s) covered by this Court's Orders issued on March 30, 1988, and subsequently.

IT IS FURTHER ORDERED that the procedures before the Special Master or Masters will be as follows:

1. The Court shall appoint one or more Special Master(s) who shall conduct such investigations as the Court shall authorize along with hearings and such other proceedings pursuant to the provisions of Rule 53 of the Federal Rules of Civil Procedure.

2. The Special Master(s) shall review all the facts surrounding all individuals who may be covered by this Court's March 30, 1988, Order and all subsequent Orders, who shall file with this Court, the parties or the Special Master(s), prior to October 31, 1988, "A Statement Of Reasons for not Applying for Legalization Prior to May 5, 1988" ["Statements"]. The Special Master(s) is authorized, with approval of the Court and upon notice to the parties, to take whatever steps the Special Master(s) believes necessary to identify those persons who may be the beneficiaries of the Court's Opinions and Orders.

3. Counsel for Plaintiffs shall periodically submit under seal or otherwise, completed aliens' Statements and such other relevant information to the Court and to counsel for Defendants.

4. Following receipt by the Court, all such information will then be forwarded to the appropriate Special Master. Upon request of either of the parties, or upon his or her own determination, the Special Master may conduct a fact finding investigation, hold hearings, and render such reports to the Court as the Special Master finds consistent with the Orders of this Court and such other determinations as may be made by this Court. In any instance where a request by one of the parties is made of the Special Master to conduct a hearing and that request is denied by the Special Master, the said party has ten (10) days to appeal that adverse decision to the Court. In determining the place of any hearing, the Special Master shall take appropriate steps to minimize expense to all parties and shall consider all requests for a convenient forum. The proceedings before the Special Master(s) need not be transcribed unless such transcription is requested by either Plaintiffs or Defendants, or the Special Master makes the determination him or herself.

5. An alien who is to be examined by a Special Master will be entitled to representation of his/her choice and a representative delegated by counsel for the Plaintiffs, and Defendants may be

present at any hearing at the discretion of the Special Master unless otherwise ordered by the Court. The representation provided through counsel for Plaintiffs shall be paid, unless ordered otherwise by the Court, by the government at a rate of $40.00 per hour plus travel expenses at the standard *per diem* government rate. Such representation may be made by a student in an accredited law school, who has been instructed with respect to the handling of the matters in question, and who, at all times, shall operate under the supervision of an attorney admitted to practice in one of the fifty states or the District of Columbia. Such supervision shall be compensated at the rate set forth in Paragraph 8. The names of all representatives who will be acting on behalf of counsel for the Plaintiffs shall be provided to the Court and to counsel for Defendants. If representation is provided by a representative of the alien's choice, such alien shall bear the cost of such representation. Defendants may also have a representative present at all Special Master(s)' hearings. Counsel for the parties have the right to question an alien at the hearing subject to the provisions of Rule 53(c). The alien shall be questioned under oath by counsel for the parties and/or by the Special Master.

6. The Special Master shall conduct such investigations as he or she deems consistent with the Orders and directions of this Court and make such findings of fact and recommendations for relief, if any, at such times and under such conditions as the Court shall direct.

7. The Special Master shall notify the Court and counsel for the parties of his or her investigative findings of fact and recommendations for relief, if any, at such times and under such conditions as the Court shall direct.

8. Unless otherwise ordered by the Court, a Special Master shall be paid at a rate of $65.00 per hour but not to exceed $500.00 per day, plus travel expenses at the standard per diem rate established by the government. Pursuant to 28 U.S.C. Section 2412(a), all costs shall be borne by the government.

9. Before any fees or costs may be paid on an interim or final basis, an application for such fees and costs must be filed with, and approved by, the Court.

IT IS FURTHER ORDERED that pending receipt of reports from the Special Master(s), and a final decision by this Court regarding further actions to be taken, as well as what, if any appropriate final relief shall be ordered, the Court reserves the right to enter such interim and other relief as necessary to maintain the status quo or otherwise implement this as well as the other prior Court decisions and orders in this matter.

IT IS FURTHER ORDERED that Supplemental Order VII and all unresolved motions now before the Court shall be held in abeyance pending the determinations set forth above.

SO ORDERED.

### SUPPLEMENTAL ORDER XII

Pursuant to Supplemental Order XI and in accordance with Federal Rule of Civil Procedure 53, it is

ORDERED that Irving M. Pollack of Wheaton, Maryland, shall be and hereby is appointed Lead Special Master.

It is FURTHER ORDERED that Mr. Pollack shall be responsible for the implementation and supervision of the inquiry set forth in this Order and in Supplemental Order XI. Accordingly, Mr. Pollack shall nominate, if he deems it necessary, additional candidates to serve as Special Master pursuant to Supplemental Order XI subject to notice to, and comment by, the parties. If appointed by the Court, such additional Special Master(s) shall serve at the direction of the Court but under the day to day oversight of Mr. Pollack.

It is FURTHER ORDERED that as Lead Special Master Mr. Pollack, with the assistance of such other Special Master(s) appointed by the Court, shall, pursuant to the procedures specified in Supplemental Order XI, determine the following with respect to those individuals who have filed a State-

ment of Reasons for Not Applying for Legalization prior to May 5, 1988, and Statement of Eligibility for Legalization with this Court or with the parties to these proceedings:

1. (a) Did the claimant file an application for amnesty by May 4, 1988, pursuant to 8 U.S.C. Sec. 1255a(a)(1)? If the answer is "Yes," the Special Master need not continue with the following questions and should submit the claimant's case to the Court.

(b) If the answer to 1(a) is "No," was the claimant dissuaded from filing for amnesty, pursuant to 8 U.S.C. Sec. 1255a(a), because of misinformation received, either directly or indirectly, from the Immigration and Naturalization Service ("INS") or its agents as to the INS's impermissive interpretation of "known to the government," *id.* at Sec. 1255a(a)(2)(B).

2. If the answer to 1(a) is "No" and the answer to 1(b) is "Yes," has the claimant established prima facie eligibility for legalization on the basis of information contained in the "Statement of Reasons" and any other evidence that may be presented in the course of the Special Masters proceedings? This question is to be answered by determining whether the claimant has made a prima facie showing on the following questions:

(a) Did the claimant enter the United States with inspection on a valid nonimmigrant visa prior to January 1, 1982, whose nonimmigrant stay did not expire through the passage of time prior to January 1, 1982?

(b) Prior to January 1, 1982, did the claimant violate the conditions of his or her lawful admission into the United States. If so, (i) in what manner did the claimant violate the conditions of his or her lawful status in the United States, and (ii) was the claimant's "unlawful status known to the government" of the United States, 8 U.S.C. Sec. 1255a(a)(2)(B), as interpreted by the Court in this litigation?

(c) Did the claimant reside "continuously" in the United States in an unlawful status since January 1, 1982, within the meaning of 8 U.S.C. Sec. 1255a(a)(2)(A) as that term has been validly interpreted by INS and the federal courts?

(d) Has the claimant been "continuously physically present" in the United States since November 6, 1986, within the meaning of 8 U.S.C. Sec. 1255a(a)(3) as that term has been validly interpreted by INS and the federal courts?

(e) Is the claimant admissible as an immigrant within the meaning of 8 U.S.C. Sec. 1255a(a)(4)?

3. If questions 1(b) and 2(a)-(e) are answered in the affirmative, what relief, either temporary or permanent, if any, is necessary to correct the impermissive actions of the INS with respect to said claimant, taking into account in fashioning such recommendation all matters including, *inter alia,* whether the claimant is currently in deportation proceedings or prohibited by law from being gainfully employed.

It is FURTHER ORDERED that within ten (10) days after each inquiry has been completed by a Special Master notice of that fact shall be transmitted to Mr. Pollack who shall, within ten (10) days or at such other time as the Court may direct, submit a written report to the Court supporting the findings made as required by the questions set forth above.

It is FURTHER ORDERED that this Court shall retain jurisdiction to make all final and preliminary determinations, to assure this decree is carried out fully and completely and to provide such other and further relief as may be necessary to implement this decision.

SO ORDERED.