**AYUDA, INC., et al., Plaintiffs,**

v.

**Richard THORNBURGH, et al., Defendants.**

**Civ. A. No. 88–0625.**

United States District Court, District of Columbia.

Sept. 6, 1990.

## SUPPLEMENTAL ORDER XIV

SPORKIN, District Judge.

On March 30, 1988, this Court issued a Memorandum Opinion and Order concerning the rights of certain aliens who entered this country illegally but who now claim eligibility for legalization or amnesty under the Immigration Reform and Control Act of 1986. *Ayuda, Inc. v. Meese*, 687 F.Supp. 650 (D.D.C.1988), *vacated sub nom Ayuda, Inc. v. Thornburgh*, 880 F.2d 1325 (D.C. Cir.1989). Plaintiffs filed for *certiorari* on December 12, 1989. 58 U.S.L.W. 3451.

On August 10, 1990, this Court conducted an evidentiary hearing on the status of the aliens whose rights await final disposition by the Supreme Court. The defendants have refused to provide these aliens with temporary work authorization pending the Supreme Court's decision. The hearing was intended to determine whether this refusal is working an immediate and irreparable harm upon the aliens.

This Court credits the testimony of the witnesses called by plaintiffs at the August 10 hearing. These witnesses testified that they currently are unable to obtain employment solely because they lack the requisite work authorization. They further testified that this inability has made it impossible for them to provide adequate food and shelter for themselves and their families.

This Court has also taken into consideration that defendants, in their reply to plaintiffs' petition for *certiorari*, have requested the Supreme Court to hold plaintiffs' petition in abeyance pending resolution of *McNary v. Haitian Refugee Center*, No. 89–1332, a case presenting the same issue as the matter before this Court. The Supreme Court has apparently acceded to defendants' request, as plaintiffs' *certiorari* petition has not yet been disposed of. It is inequitable for defendants to have the Supreme Court delay adjudication of plaintiffs' rights without affording plaintiffs a modicum of interim relief. Plaintiffs simply ask this Court to enable them to earn a living and to provide for their families while awaiting the Supreme Court's final disposition of their legal claims.

Based upon the above, and upon consideration of the entire record in this case, it is this 6 day of September, 1990, hereby

ORDERED that, pending a final disposition by the United States Supreme Court of *Ayuda, Inc. v. Thornburgh*, No. 89–1018, and further Order of this Court, the Defendant Immigration and Naturalization Service shall grant work authorization to those aliens who have been deemed eligible for such authorization through plaintiffs' prescreening process, with the understanding that defendants may contest before this Court any determination of individual eligibility; and it is hereby further

ORDERED that the issuance of work authorization by defendants shall begin no later than September 30, 1990; and it is hereby further

ORDERED that defendants' motion to stay the instant order pending appeal, made orally at the hearing before this Court on September 4, 1990, is, in light of the immediate and irreparable harm being

sustained by the affected individuals, DENIED; and it is further

ORDERED that this Court shall retain jurisdiction over this case to enforce the instant order and to order such further relief as may be required.