**AYUDA, INC., et al., Plaintiffs,**

v.

**Janet RENO, Attorney General of the United States, et al., Defendants.**

Civ. A. No. 88–625.

United States District Court, District of Columbia.

May 10, 1995.

Richard John Webber, Wayne Hayden Matelski, Arent, Fox, Kintner, Plotkin & Kahn, Sandra Wilkinson, Washington, Perito & Dubuc, Paul Shearman Allen, Paul Shearman Allen & Associates, Robert Harlis Plutkin, U.S. Dept. of Justice, Environment & Natural Resources Div., Carolyn Waller, Washington, DC, for Ayuda, Inc.

Richard John Webber, Wayne Hayden Matelski, Arent, Fox, Kintner, Plotkin & Kahn, Sandra Wilkinson, Washington, Perito & Dubuc, Robert Harlis Plutkin, U.S. Dept. of Justice, Environment & Natural Resources Div., Carolyn Waller, Washington, DC, for The Ethiopian Community Center, Latin American Youth Center, Mexican American Legal Defense and Educational Fund, NK Doe, JH Doe, TB Doe, KAA Doe, JNU Doe.

Donald Eugene Keener, U.S. Dept. of Justice, Civil Div., David J. Kline, U.S. Dept. of Justice, Environment & Natural Resources Div., Washington, DC, for Edwin A. Meese, III, Alan C. Nelson, INS.

---

Cordia A. Strom, Immigration Reform Law Institute, Washington, DC, for Immigration Reform Law Institute amicus curiae.

## MEMORANDUM OPINION AND ORDER

SPORKIN, District Judge.

The issue before the Court is whether Plaintiffs are required to return to Defendants interim attorneys' fees and costs in the amount of $122,440.31 awarded in 1989, plus interest, in light of the mandate and decision of the Court of Appeals in *Ayuda, Inc. v. Reno,* 7 F.3d 246 (D.C.Cir.1993).

## BACKGROUND FACTS

The original complaint in this action was filed on March 8, 1988, on behalf of four immigrant rights organizations [1] and five individual nonimmigrant aliens. The complaint challenged an INS regulation—the "known to the Government" regulation of former 8 C.F.R. § 245a.1(d). The Court issued a series of orders and supplemental orders with respect to the interpretation of the regulation and the course of action to be taken in light of the Court's interpretation.[2] In addition, the Court awarded interim attorneys' fees and costs in the amount of $122.440.31 to Plaintiffs.[3]

Both the Plaintiffs and the Defendants sought further review of various orders and opinions and the Court of Appeals consolidated the three appeals which were filed. The

Court of Appeals issued two decisions which were vacated and remanded by the Supreme Court.[4] The mandate of the Court of Appeals' final decision, *Ayuda, Inc. v. Reno,* 7 F.3d at 249 (D.C.Cir.1993), was issued on February 25, 1994 and on October 3, 1994, the Supreme Court denied the Plaintiffs' petition for certiorari, 115 S.Ct. 70 (1994). At the end of the appellate litigation, the Court of Appeals held that "the district court lacked [subject matter] jurisdiction to issue Supplemental Order V and to order the INS to grant work authorization to aliens who failed to file applications before the May 4, 1988 deadline." *Ayuda* at 251. It is the Defendants' position that since the Court lacked ·subject matter jurisdiction over the Plaintiffs' action, the Defendants are entitled to a return of the attorneys' fees and costs paid to Plaintiffs.

## ANALYSIS AND DECISION

The threshold question is whether this Court has jurisdiction to entertain Defendants' motion for the return of attorneys' fees and costs. The starting point for determining whether this Court has jurisdiction is the mandate of the Court of Appeals. Pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure, a mandate consists of "[a] certified copy of the judgment and a copy of the opinion of the court, if any, and any direction as to costs . . ." Fed.R.App.P. 41(a).

1. The four organizations are Ayuda, Inc., the Ethiopian Community Center, Inc., the Latin American Youth Center, and the Mexican American Legal Defense and Educational Fund.

2. In these numerous orders, the Court prohibited the INS from applying its interpretation of the regulation, issued a ruling on the proper interpretation of the regulation, ordered public dissemination and expedited treatment of aliens' applications, ordered the return of aliens to the United States, declined to toll the application period, allowed aliens who had not applied on time to seek relief from Special Masters and granted temporary work authorizations. Several of the opinions and orders were published: 1) *Ayuda, Inc. v. Meese,* 687 F.Supp. 650 (D.D.C. 1988) (the initial Memorandum Opinion and Order, and Supplemental Orders I–IX); *Ayuda, Inc. v. Meese,* 700 F.Supp. 49 (D.D.C.1988) (Supplemental Orders XI–XII); *Ayuda, Inc. v. Thorn-*

*burgh,* 744 F.Supp. 21 (D.D.C.1990) (Supplemental Order XIV).

3. This Court issued two orders dated April 4, 1989 and July 17, 1989 which together required Defendants to pay interim attorneys' fees and costs to Plaintiffs in the total amount of $122,-440.31 pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

4. *Ayuda, Inc. v. Thornburgh,* 880 F.2d 1325 (D.C.Cir.1989), *rehearing denied in unpublished orders,* (Oct. 4, 1989), *vacated and remanded for reconsideration,* 498 U.S. 1117, 111 S.Ct. 1068, 112 L.Ed.2d 1174 (1991); *reaffirmed, Ayuda, Inc. v. Thornburgh,* 948 F.2d 742 (D.C.Cir.1991), *rehearing denied,* 958 F.2d 1089 (D.C.Cir.1992), *vacated and remanded for reconsideration,* —— U.S. ——, 113 S.Ct. 3026, 125 L.Ed.2d 714 (1993).

In this case, the mandate, consisting of the October 26, 1993, Judgement and Opinion, is self-executing and nothing is remanded to this Court. The Judgment, in its entirety, states as follows:

## JUDGMENT

These causes came on to be heard on the record on appeal from the United States District Court for the District of Columbia after remand from the Supreme Court and were argued by counsel. On consideration thereof, it is

**ORDERED** and **ADJUDGED,** by the Court, that the orders of the District Court appealed from in these causes are hereby vacated in accordance with the Opinion for the Court filed herein this date.

*Ayuda v. Reno,* Judgment dated October 26, 1993. The opinion held, in relevant part, as follows:

For the foregoing reasons, we reiterate that the district court lacked jurisdiction to issue Supplemental Order V and to order the INS to grant work authorization to aliens who failed to file applications before the May 4, 1988 deadline. These orders are therefore *vacated.*

*Ayuda* at 251. The vacation of this Court's orders was not accompanied by any remand order.

In fact, in two separate places in the Court of Appeals' majority opinion, the Court specifically indicated that it was not remanding the case:

After carefully examining *CSS* [*Reno v. Catholic Social Services, Inc.,* [—— U.S. ——] 113 S.Ct. 2485 [125 L.Ed.2d 38] (1993) ], we stand by our conclusion that the district court lacked jurisdiction in this

case, and hence, we decline to remand to the district court as plaintiffs urge.

*Id.* at 247.

In *CSS* the Supreme Court remanded the case to the Ninth Circuit with instructions to remand, in turn, to the district court. The plaintiffs ask us also to remand this case to the district court. We decline to do so.

*Id.* at 249.

The Defendants, as well as the Plaintiffs, asked that the case be remanded.[5]

Based on the foregoing, the Court finds that it has no jurisdiction to make further rulings in this case.[6] In the face of requests by both the Plaintiffs and Defendants, the Court of Appeals declined to remand any matters to this Court. The government is not left without any remedy—it can file a separate lawsuit to recover the fees and costs.

The Court finds it surprising that the government would even make the request to have these fees and costs returned given the equities of the case. The amount of fees and costs awarded to Plaintiffs, $122,440.31, represent only a small portion of the fees and costs associated with the litigation. The Washington Lawyers' Committee devoted more than 3,500 attorney hours and 600 paralegal hours, and Arent Fox attorneys and paralegals invested more than $859,000 of time based on rates charged to fee-paying clients. The efforts of Plaintiffs' lawyers resulted in benefits to between 50,000 to 60,000 individuals.

The instant Judgment from the Court of Appeals emanates from Defendants' appeal of this Court's Supplemental Orders No. V and No. XIV. The prior orders issued by this Court were not appealed by Defendants. The interim fees were awarded with respect

---

5. In its brief to the Court of Appeals, the government requested the following:

The District Court's holding that it has jurisdiction should be reversed; the orders and decisions on appeal should be reversed and vacated for want of jurisdiction; and the District Court should be instructed specifically to vacate its orders and decisions and to dismiss the Complaint for want of jurisdiction.

Government's "Brief on Remand From the Supreme Court," at 10.

6. The Court agrees with the Judge Edward Garcia's reasoning in his order dated November 22, 1994 in *Francisco Naranjo–Aguilera, et al., v. United States Immigration and Naturalization Service, et al.,* Civ. No. 91–1462 (D.C.Cal.) (holding that District Court has no jurisdiction to take further action where there was no remand order).

to the prior litigation that became final when no appeal was pursued. Indeed, it was Defendant that took the position that Plaintiffs were required to seek interim fees or they would be foreclosed from later obtaining such fees.

As noted, through Plaintiffs' counsel's efforts some 50,000 to 60,000 individuals were able to demonstrate they were productive individuals and entitled to remain in the U.S. and eventually seek citizenship status. Plaintiffs' counsel, which took this assignment on a pro bono basis in the best tradition of the legal profession, well served their clients, who were unable to afford counsel and would have been expelled from the U.S. notwithstanding they were entitled to remain in the U.S. pursuant to the "known to the Government" regulation of former 8 C.F.R. § 245a.1(d). Against this background, it is difficult to understand why the U.S. Government continues to pursue this matter.

Accordingly, the Court hereby **ORDERS** that Defendants' motion for the return of attorney's fees and costs be **DENIED** because the Court lacks jurisdiction to entertain such a motion.

Even if the Court did have jurisdiction, the Court would deny the motion. Defendants cannot request the Court to vacate the orders awarding interim attorneys' fees and costs because Defendants, as they admit, did not appeal these orders.